IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| GERSON F ROSALES-RUBIO, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:17-CV-83-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| ATTORNEY GENERAL OF THE | : | |
| UNITED STATES, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court are Petitioner's application for habeas corpus relief (ECF No. 1) and motions seeking appointed counsel (ECF No. 2), a protective order (ECF No. 6), and expedited review of his case (ECF No. 15). For the reasons explained below, Petitioner's motions are denied and it is recommended that his application for habeas corpus relief be dismissed.

## BACKGROUND

Petitioner is a native and citizen of El Salvador who has been in the custody of U.S. Immigration and Customs Enforcement ("ICE") since July 2015. Pet. 4, ECF No. 1. He first encountered U.S. law enforcement on July 16, 2015, when he was stopped by U.S. Border Patrol near the border between the U.S. and Mexico. Resp'ts' Resp. to Pet. 1, ECF No. 10. Petitioner was classified as a non-citizen who did not have a right to be in or remain in the U.S, and was detained on July 18, 2015, as "an alien present in the [U.S.]

who has not been admitted or paroled." *Id*. at 1-2; 8 U.S.C. § 1182(a)(7)(A)(i)(I); 8 U.S.C. § 1226(a)(1).

Petitioner first appeared before an immigration judge ("IJ") on October 5, 2015, in Lumpkin, GA. *Id*. at 2. Two days later, Petitioner appeared for a bond hearing where his request for a change in custody status was denied. *Id*. An IJ denied Petitioner's second request for a change in custody status on August 4, 2016. *Id*. The next day, Petitioner appeared before an IJ for a merits hearing; on August 29, 2016, the IJ issued a written decision denying Petitioner relief and ordering him removed to El Salvador. *Id*.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On February 2, 2017, the BIA dismissed his appeal. *Id*. at 2-3. However, in April 2017, the BIA granted Petitioner's motion to stay his removal pending their decision on his motion for reopening or reconsideration. *Id*. at 3. On May 26, 2017, Petitioner appeared for another custody hearing, but his request for a change in custody was again denied. *Id*. As of October 10, 2017, the BIA had not ruled on Petitioner's motion for reopening or reconsideration of his administrative case.[1] Resp'ts' Resp. to Mot. to Expedite 2, ECF No. 18.

Petitioner filed his application for habeas relief with this Court on April 17, 2017. (ECF No. 1.) In their response, Respondents argue Petitioner's detention is authorized under 8 U.S.C. § 1231(a)(1)(B)(ii) because he is an alien subject to an administratively final removal order, and he has failed to make a successful claim for relief under *Zadvydas*

---

[1] Neither party has informed the Court that this circumstance has changed.

2

*v. Davis*, 533 U.S. 678, 689 (2001). Resp'ts' Resp. to Pet. 3, 5. The Court addresses the merits of Petitioner's application before considering Petitioner's subsequent motions.

## DISCUSSION

I. **Petition for Writ of Habeas Corpus**

A. <u>Post Final Order Detention</u>

Petitioner is an alien who is subject to an administratively final order of removal. Petitioner has unsuccessfully appealed the IJ's removal order against him thus that order is administratively final. Resp'ts' Resp. to Pet. 2-3. A removal order issued against an alien "becomes final when the alien's appeal to the [BIA] is unsuccessful or the alien declines to appeal to the [BIA]." *Nken v. Holder*, 556 U.S. 418, 439, (2009) (Alito & Thomas, JJ., dissenting) (citing 8 U.S.C. § 1101(a)(47)(B); 8 CFR §§ 1241.1, 1241.31.). Therefore, Petitioner's detention pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a).[2]

That provision grants the Attorney General a ninety-day period to effectuate an alien's removal from the United States following the entry of a final order of deportation or removal. INA § 241(a)(1)(A)-(B); 8 U.S.C. § 1231(a)(1)(A)-(B). Congress mandated detention of the alien ordered removed during this initial ninety-day period. INA §

---

[2] Petitioner cites both *Zadvydas* and *Sopo v. U.S. Att'y General*, 825 F.3d 1199 (11th Cir. 2016) in support of his claim for relief, but only *Zadvydas* is applicable here. *Sopo* applies to aliens who are not subject to an administratively final order but are detained during the course of the administrative proceedings. Pet. 8, ECF No. 1; *Sopo*, 825 F.3d at 1202 ("In this appeal, we address an issue of first impression in this circuit. During their removal proceedings, are criminal aliens, like Sopo, detained under § 1226(c) entitled at any point to a bond hearing under the Due Process Clause?").

3

241(a)(2); 8 U.S.C. § 1231(a)(2). The removal period may be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

In *Zadvydas*, the Supreme Court found that section 241(a) of the INA authorizes detention of an alien following the entry of an administratively final order of deportation/removal, but only for a period "reasonably necessary" to effectuate the alien's removal.[3] *Zadvydas*, 533 U.S. 678, 699-700 (2001). The Court, recognizing the difficulty of balancing the primacy of the Executive in foreign policy matters with the inherent due process concerns of extensive detention, established a six-month "presumptively reasonable" period for clarity. *Id*. at 693-95, 700-02. Detention beyond that window may be deemed unreasonable if a Petitioner shows he is unlikely to be removed in the reasonably foreseeable future. *Id*. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing"). The relationship between the time of confinement and what qualifies as a reasonable period of detention is an inverse one. *Id*. ("[F]or detention to remain reasonable, as the period of prior post[-]removal confinement grows, what counts as the

---

[3] Since its ruling in Zadvydas, the Supreme Court has subsequently applied the rationale of that decision to the detention of aliens who, like Petitioner, were initially detained under 8 U.S.C. § 1182. *Clark v. Martinez*, 543 U.S. 371, 378 (2005) ("The question presented . . . is whether this construction of § 1231(a)(6) that we applied to the second category of aliens covered by the statute [in Zadvydas] applies as well to the first—that is, to the category of aliens 'ordered removed who [are] inadmissible under [§ ]1182.' We think the answer must be yes.").

'reasonably foreseeable future' conversely would have to shrink."). Essentially, as the length of a Petitioner's detention grows, the evidentiary burden on him decreases.

The Court of Appeals for the Eleventh Circuit interprets *Zadvydas* as requiring an alien to show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under *Zadvydas* the alien . . . must show post-removal detention in excess of six months [and] also provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

B.     *Zadvydas* and Petitioner's Evidentiary Showing

Petitioner has been detained more than six months since the removal order against him became final. Therefore, the dispositive question is whether Petitioner has presented "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and if so, whether the government has sufficiently rebutted that showing. *Gozo*, 309 F. App'x at 346 ("Upon such a showing [(that there is no significant likelihood of removal in the reasonably foreseeable future)], the government has the burden of rebutting the alien's claim.").

Petitioner has provided no evidence to support his claim that his removal in the reasonable foreseeable future is unlikely. He has been detained since his removal order became administratively final on February 2, 2017, a period lasting nearly twice the

presumptively reasonable six months.[4]  However, he has failed to present factual evidence that ICE will be unable to execute his removal once the BIA rules on his motion to reopen and so his application should be denied.  *Akinwale*, 287 F.3d at 1052 (affirming Magistrate Judge's dismissal of § 2241 habeas petition because it "failed to present any facts" as evidence that authorities could not execute the Petitioner's removal order).

In his complaint, Petitioner states that his removal "to [El Salvador] or any other country is not significantly likely to occur in the reasonably foreseeable future."  Pet. 11 (alteration in original).  The complaint does not include any factual evidence to support this conclusion.  In *Zadvydas*, the alien applying for relief was essentially stateless and had languished in detention years after expiration of the removal period.  *Zadvydas*, 533 U.S. 678, 684-85.  Germany (the nation of his birth) and Lithuania (the nation of his parents) both refused to accept him, as did the Dominican Republic (his wife's home country).  *Id*. Here, it is undisputed that Petitioner is a native and citizen of El Salvador.  The record contains no evidence indicating ICE faces bureaucratic obstacles in executing the removal order once a decision on Petitioner's motion to reopen is issued.  Petitioner's conclusory statements alleging his removal in the reasonably foreseeable future is unlikely are

---

[4]  In their initial response to Petitioner's application for habeas relief Respondents argued that Petitioner failed to meet his burden because "[a]s of June 28, 2017, Petitioner has been in post-removal custody less than six months.  Post-removal order detention in excess of six months is required in order for an alien to have [sic] *Zadvydas* claim in this Circuit."  Resp'ts' Resp. to Pet. 5, ECF No. 10. (internal quotation marks omitted) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)).  However, Petitioner's post final order detention has now surpassed the sixth months required to state a *Zadvydas* claim and so the Court shall consider the merits of Petitioner's claim.

insufficient to state a claim under *Zadvydas*. Therefore, it is recommended that his petition for a writ of habeas corpus be denied without prejudice.[5]

## II.     Petitioner's Motions

After filing his application for habeas relief, Petitioner filed motions seeking appointed counsel (ECF No. 2), a protective order (ECF No. 6), and expedited review of his case (ECF No. 15). For the reasons explained below, each of these motions are denied.

### A.     Motion to Appoint Counsel

Petitioner cites 18 U.S.C. § 3006A(a)(2)(b) as the authority under which counsel should be appointed. Mot. to Appoint Counsel 2, ECF No. 2. That statute's relevant parts state that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [28 U.S.C. § 2241]." 18 U.S.C. § 3006A(a)(2)-(b). Petitioner argues that "in light of the complicated issues involved in habeas cases and Petitioner's inability to adequately present the present case at bar . . . this court should exercise its discretion to appoint counsel." Mot. to Appoint Counsel 2. However, the issues in this case are neither factually nor legally complex. Petitioner has set forth the essential factual allegations and legal premise on which his petition is based. The Court finds no factual dispute which would necessitate either discovery or an evidentiary hearing.

---

[5] "Because circumstances may ultimately change in [Petitioner's] situation, we affirm the dismissal without prejudicing [Petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted." *Akinwale*, 287 F.3d at 1052.

Thus, the interests of justice do not require the appointment of counsel in this case. Accordingly, Petitioner's motion for appointed counsel (ECF No. 2) is denied.

B.   Motion for Protective Order

In his motion seeking a protective order, Petitioner seeks relief that the Court is without jurisdiction to provide. Citing Rule 26 of the Federal Rules of Civil Procedure, he requests an order "to protect Plaintiff from annoyance, embarrassment, oppression, or discrimination." Mot. for Protective Order 2, ECF No. 6. However, Rule 26 and the subsection relating to "protective orders" is a mechanism for managing the discovery process. *Degen v. United States*, 517 U.S. 820, 826 (1996) ("[T]he District Court has its usual authority to manage discovery in a civil suit, including the power to enter protective orders limiting discovery as the interests of justice require.") (citing Fed. R. Civ. P. 26(c)). Discovery has not been requested or ordered in this case. Accordingly, Petitioner's motion seeking a protective order under the authority of Rule 26 is denied.

B.   Motion for Expedited Review

Petitioner's motion for expedited review seeks both relief beyond this Court's jurisdiction and the same relief prayed for in his original petition, and is thus denied as moot. Specifically, the motion appears to ask the Court to take jurisdiction over Petitioner's administrative proceedings and review the removal order issued against him while also "declar[ing] unconstitutional the continued detention of the Petitioner." Mot. to Expedite 1, ECF No. 15. This Court is statutorily precluded from reviewing Petitioner's removal order. 8 U.S.C. § 1252(b)(2) ("The petition for review [of a removal order] shall be filed with the court of appeals for the judicial circuit in which the immigration judge

completed the proceedings.") Further, this Court has now considered the merits of Petitioner's application for habeas relief and recommended that it be dismissed. Therefore, Petitioner's motion seeking expedited review of his petition is denied as moot.

## CONCLUSION

For the reasons explained above, it is recommended that Petitioner's Petition for a Writ of Habeas Corpus be denied. Petitioner's motions seeking appointed counsel (ECF No. 2), a protective order (ECF No. 6), and expedited review of his case (ECF No. 15) are denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days of being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 19th day of January, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE